1
2
3
4
5
6
7
8          IN THE UNITED STATES DISTRICT COURT
9          FOR THE EASTERN DISTRICT OF CALIFORNIA
10   JOSE ESTRADA,
11          Plaintiff,              No. 2:12-cv-0180 DAD P
12      vs.
13   McCUE, et al.,
14          Defendants.             ORDER
15   _____/
16          Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42
17   U.S.C. § 1983 and has filed an application to proceed in forma pauperis under 28 U.S.C. § 1915.
18   This proceeding was referred to the undersigned magistrate judge in accordance with Local Rule
19   302 and 28 U.S.C. § 636(b)(1).
20          Plaintiff has submitted a declaration that makes the showing required by 28
21   U.S.C. § 1915(a).  Accordingly, the court will grant the request to proceed in forma pauperis.
22          Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  See
23   28 U.S.C. §§ 1914(a) & 1915(b)(1).  Plaintiff has been without funds for six months and is
24   currently without funds.  Accordingly, the court will not assess an initial partial filing fee.  See 28
25   U.S.C. § 1915(b)(1).  Plaintiff will be obligated to make monthly payments of twenty percent of
26   the preceding month's income credited to plaintiff's prison trust account.  These payments shall

1

be collected and forwarded by the appropriate agency to the Clerk of the Court each time the

amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  See 28 U.S.C.

§ 1915(b)(2).

<b>SCREENING REQUIREMENT</b>

The court is required to screen complaints brought by prisoners seeking relief

against a governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C.

§ 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28

U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

(9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

Cir. 1989); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and

plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic

Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47

(1957)).  However, in order to survive dismissal for failure to state a claim a complaint must

contain more than "a formulaic recitation of the elements of a cause of action;" it must contain

factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic,

550 U.S. at 555.  In reviewing a complaint under this standard, the court must accept as true the

allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.

2

1  738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all

2  doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

3          The Civil Rights Act under which this action was filed provides as follows:

4          Every person who, under color of [state law] . . . subjects, or causes
           to be subjected, any citizen of the United States . . . to the
5          deprivation of any rights, privileges, or immunities secured by the
           Constitution . . . shall be liable to the party injured in an action at
6          law, suit in equity, or other proper proceeding for redress.

7  42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the

8  actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See

9  Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362

10 (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the

11 meaning of  § 1983, if he does an affirmative act, participates in another's affirmative acts or

12 omits to perform an act which he is legally required to do that causes the deprivation of which

13 complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

14         Moreover, supervisory personnel are generally not liable under § 1983 for the

15 actions of their employees under a theory of respondeat superior and, therefore, when a named

16 defendant holds a supervisorial position, the causal link between him and the claimed

17 constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862

18 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).  Vague and conclusory

19 allegations concerning the involvement of official personnel in civil rights violations are not

20 sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

21                      **PLAINTIFF'S AMENDED COMPLAINT**

22         By way of background, plaintiff commenced this action by filing a civil rights

23 complaint, together with a motion for preliminary injunctive relief.  The court ordered plaintiff to

24 file the required filing fee or submit a properly completed application to proceed in forma

25 pauperis.  Plaintiff subsequently filed an amended complaint in the case, but he failed to file the

26 required filing fee or submit an application to proceed in forma pauperis.  As a result, on March

3

20, 2012, the court dismissed this case without prejudice.  Plaintiff subsequently filed a motion

for relief from judgment, which this court granted.  In that order, the court ordered plaintiff to file

the required filing fee or submit a properly completed application to proceed in forma pauperis

within thirty days.  As noted above, plaintiff has filed a properly completed application to

proceed in forma pauperis, which the court will grant.

Turning now to plaintiff's amended complaint, plaintiff has not named any

defendants in his amended complaint.  Instead, he merely refers the court to his "attached"

emergency motion for preliminary injunctive relief.  However, plaintiff has not attached any such

motion to his amended complaint.  Insofar as plaintiff is referring the court to the motion he

attached to the original complaint he filed with the court, therein, plaintiff complains that certain

prison officials are violating his right to adequate medical care under the Eighth Amendment and

American's with Disabilities Act.  Plaintiff also appears to be attempting to raise a retaliation

claim in that motion for injunctive relief.

**DISCUSSION**

The court will dismiss plaintiff's amended complaint, grant him leave to file a

second amended complaint and deny plaintiff's motion for preliminary injunctive relief without

prejudice.  As an initial matter, it is not clear from plaintiff's amended complaint or his motion

for preliminary injunctive relief who he wishes to name as the defendants in this action or what

claims plaintiff wishes to proceed upon.  In this regard, the court is unable to determine whether

the current action is frivolous or fails to state a claim for relief.  Although the Federal Rules

adopt a flexible pleading policy, a complaint must give fair notice to the defendants and must

allege facts that support the elements of the claim plainly and succinctly.  Jones v. Community

Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at least some

degree of particularity overt acts which defendants engaged in that support his claims.  Id.

Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the

/////

1    amended complaint must be dismissed.  Again, however, the court will grant plaintiff leave to

2    file a second amended complaint.

3             If plaintiff chooses to file a second amended complaint, he must allege facts

4    demonstrating how the conditions complained of resulted in a deprivation of his federal

5    constitutional or statutory rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The second

6    amended complaint must allege in specific terms how each named defendant was involved in the

7    deprivation of plaintiff's rights.  There can be no liability under 42 U.S.C. § 1983 unless there is

8    some affirmative link or connection between a defendant's actions and the claimed deprivation.

9    Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980);

10   Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Vague and conclusory allegations of

11   official participation in civil rights violations are not sufficient.  Ivey v. Board of Regents, 673

12   F.2d 266, 268 (9th Cir. 1982).

13            If plaintiff wishes to proceed on an Eighth Amendment claim for inadequate

14   medical care, he is advised that in Estelle v. Gamble, 429 U.S. 97, 106 (1976), the Supreme

15   Court held that inadequate medical care did not constitute cruel and unusual punishment

16   cognizable under § 1983 unless the mistreatment rose to the level of "deliberate indifference to

17   serious medical needs."  Deliberate indifference is "a state of mind more blameworthy than

18   negligence" and "requires 'more than ordinary lack of due care for the prisoner's interests or

19   safety.'"  Farmer v. Brennan, 511 U.S. 825, 835 (1994).

20            To state a cognizable claim for inadequate medical care, plaintiff needs to allege

21   facts demonstrating how each defendant's actions rose to the level of "deliberate indifference."

22   Plaintiff is cautioned that "mere 'indifference,' 'negligence,' or 'medical malpractice' will not

23   support this cause of action."  Broughton v. Cutter Lab., 622 F.2d 458, 460 (9th Cir. 1980)

24   (citing Estelle, 429 U.S. at 105-06).  See also McGuckin v. Smith, 974 F.2d 1050, 1060 (9th Cir.

25   1991) ("A finding that the defendant's neglect was an 'isolated occurrence' or an 'isolated

26   exception,' . . . militates against a finding of deliberate indifference"), overruled on other grounds

1  by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc).  Likewise, a mere

2  disagreement between plaintiff and defendants as to how the defendants provided him with

3  medical care fails to state a cognizable § 1983 claim.  See Toguchi v. Soon Hwang Chung, 391

4  F.3d 1051, 1058 (9th Cir. 2004); Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996); Sanchez

5  v. Vild, 891 F.2d 240, 242 (9th Cir. 1989); Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir.

6  1981).

7         If plaintiff wishes to proceed on an Americans with Disabilities Act ("ADA")

8  claim, plaintiff is advised that Title II of the ADA provides that:

9         no qualified individual with a disability shall, by reason of such
       disability, be excluded from participation in or be denied the
10        benefits of the services, programs, or activities of a public entity, or
       be subject to discrimination by such entity.

11

12  To state a cognizable claim under the ADA, a plaintiff must allege that: (1) he or she is a

13  qualified individual with a disability; (2) he or she was excluded from participation in or

14  otherwise discriminated against with regard to a public entity's services, programs, or activities,

15  and (3) such exclusion or discrimination was by reason of his or her disability.  See Lovell v.

16  Chandler, 303 F.3d 1039, 1052 (9th Cir. 2002).  Plaintiff is advised that, under the ADA, the

17  term "public entity" does not include individuals sued in their personal capacity.  See Vinson v.

18  Thomas, 288 F.3d 1145 (9th Cir. 2002).  However, a "public entity" does include prisons and

19  state officials sued in their official capacity.  See Pa. Dep't of Corrs. v. Yeskey, 524 U.S. 206,

20  210 (1998); Lovell, 303 F.3d at 1051-52 ("the Eleventh Amendment does not bar [plaintiffs']

21  suits under Title II of the ADA").

22         Insofar as plaintiff wishes to proceed on a First Amendment retaliation claim, he

23  is advised that under the First Amendment, prisoners have a constitutional right to file prison

24  grievances.  See Rhodes v. Robinson, 408 F.3d 559, 567 (9th Cir. 2005).  Prison officials may

25  not retaliate against prisoners for doing so.  See id. at 568.  In this regard, the Ninth Circuit has

26  explained:

6

> Within the prison context, a viable claim of First Amendment
> retaliation entails five basic elements: (1) An assertion that a state
> actor took some adverse action against an inmate (2) because of (3)
> that prisoner's protected conduct, and that such action (4) chilled
> the inmate's exercise of his First Amendment rights, and (5) the
> action did not reasonably advance a legitimate correctional goal.

Id. at 567-68.  To state a cognizable retaliation claim, plaintiff must allege facts establishing that the defendant's conduct was substantially motivated by, or because of, plaintiff's engagement in protected conduct.  A retaliation claim cannot rest on the logical fallacy of *post hoc, ergo propter hoc*, literally, "after this, therefore because of this."  Huskey v. City of San Jose, 204 F.3d 893, 899 (9th Cir. 2000).

Finally, if plaintiff elects to file a new motion for preliminary injunctive relief, he is advised that court will not entertain any future motion for injunctive relief that is not supported by (1) a declaration under penalty of perjury on the question of irreparable injury, (2) a memorandum of points and authorities addressing all legal issues raised by the motion, and (3) evidence of notice to all persons who would be affected by the order sought.  See Local Rule 231.  In addition, plaintiff is advised that he may only seek injunctive relief against individuals who are named as defendants in this action.  This court is unable to issue an order against individuals who are not parties to a suit pending before it.  See Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 112 (1969); Zepeda v. United States Immigration Service, 753 F.2d 719, 727 (9th Cir. 1985) ("A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court.").  Finally, plaintiff is advised that "[t]he proper legal standard for preliminary injunctive relief requires a party to demonstrate 'that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.'"  Stormans v. Selecky, 571 F.3d 960, 978 (9th Cir. 2009) (quoting Winter v. Natural Res. Def. Council, 555 U.S. 7, 20 (2008)).  For the reasons discussed above, plaintiff's pending

7

1  motion for preliminary injunctive relief is defective, premature, and does not demonstrate a

2  likelihood of success on the merits.

3          Plaintiff is reminded that the court cannot refer to prior pleadings in order to make

4  his second amended complaint complete.  Local Rule 220 requires that an amended complaint be

5  complete in itself without reference to any prior pleading.  This is because, as a general rule, an

6  amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th

7  Cir. 1967).  Once plaintiff files a second amended complaint, the prior pleading no longer serves

8  any function in the case.  Therefore, in a second amended complaint, as in an original complaint,

9  each claim and the involvement of each defendant must be sufficiently alleged.

## CONCLUSION

11         Accordingly, IT IS HEREBY ORDERED that:

12         1.  Plaintiff's motion to proceed in forma pauperis (Doc. No. 11) is granted.

13         2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.

14  The fee shall be collected and paid in accordance with this court's order to the Director of the

15  California Department of Corrections and Rehabilitation filed concurrently herewith.

16         3.  Plaintiff's amended complaint is dismissed.

17         4.  Plaintiff is granted thirty days from the date of service of this order to file a

18  second amended complaint that complies with the requirements of the Civil Rights Act, the

19  Federal Rules of Civil Procedure, and the Local Rules of Practice; the second amended complaint

20  must bear the docket number assigned to this case and must be labeled "Second Amended

21  Complaint"; failure to file a second amended complaint in accordance with this order will result

22  in a recommendation that this action be dismissed without prejudice.

23         5.  The Clerk of the Court is directed to send plaintiff the court's form for filing a

24  civil rights action.

25  /////

26  /////

1          6.  Plaintiff's motion for preliminary injunctive relief (Doc. No. 2) is denied

2    without prejudice.

3    DATED: August 23, 2012.

4

5    _____

6    DAD:9
     estr0180.14a

7    DALE A. DROZD
     UNITED STATES MAGISTRATE JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26